**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| TARKAN AKKAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 3:26-cv-219 |
| | ) | Judge Stephanie L. Haines |
| WARDEN OF THE MVPC, | ) | |
| | ) | |
| Respondent. | ) | |

**<u>MEMORANDUM ORDER</u>**

Tarkan Akkan ("Petitioner") filed a Petition for Writ of Habeas Corpus ("Petition") on February 12, 2026. (ECF No. 1). On February 13, 2026, the Court ordered service of the Petition (ECF No. 4). Michael Leo Ivory, of the United States Attorney's Office entered his appearance for Respondent on February 18, 2026. (ECF No. 6). Respondent filed a Response (ECF No. 7) on March 19, 2026, representing that "Petitioner's application for voluntary departure was granted[,]" rendering his Petition moot. (*Id.* at 1, 3). On April 14, 2026, the Court issued an Order permitting Respondent to submit to the Court, on or before April 21, 2026, the Exhibit showing that Petitioner's application for voluntary departure was granted. (ECF No. 8). The Court also stated that Petitioner was permitted to file a Reply to Respondent's Response on or before April 21, 2026. (*Id.*). On April 14, 2026, Respondent submitted the Exhibit requested by the Court. (ECF No. 9). As of the date of this Memorandum Order, Petitioner has not filed a Reply, indicating to the Court that he likely agrees that his Petition is now moot.

The purpose of a writ of habeas corpus is to challenge the legal authority under which an individual is being held in custody. *See, e.g., Keitel v. Mazurkiewicz*, 729 F.3d 278, 280 (3d Cir. 2013). It is a well-established principle, however, that federal courts lack jurisdiction to decide an

1

issue unless it presents a live case or controversy as required by Article III, § 2, of the Const. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998). "To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Burkey v. Marberry*, 556 F.3d 142, 147 (3d Cir. 2009) (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990) (citing *Allen v. Wright*, 468 U.S. 737, 750-51 (1984), and *Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 471-73 (1982)). "The case or controversy requirement continues through all stages of federal judicial proceedings, trial and appellate, and requires that parties have a personal stake in the outcome." *Id.* (citing *Lewis*, 494 U.S. at 477-78). Thus, if developments occur during the litigation that eliminate a petitioner's personal stake in the outcome of a suit or prevent a court from granting effective relief, the case must be dismissed as moot. *See id.* at 147-48; *Keitel*, 729 F.3d at 280. Under the principles above, and given the recent developments in this case pertaining to voluntary departure, the Petition is now moot.

Accordingly, the following order is entered:

## **ORDER**

AND NOW, this 28th day of April, 2026, IT IS ORDERED that Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) hereby is DISMISSED as moot; and,

The Clerk of Court is to mark this case Closed.

Stephanie L. Haines
United States District Judge

2